IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UILA SAKARIA, | ) | CIVIL NO 08-00330 SOM-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FMS INVESTMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

Before the Court, pursuant to a designation by United States District Judge Susan Oki Mollway, is Plaintiff Uila Sakaria's ("Plaintiff") Motion for Attorneys' Fees and Costs ("Motion"), filed March 11, 2009.  Plaintiff requests an award of $4,892.67 in attorney's fees, including general excise tax, and $395.36 in costs, for a total award of $5,288.03.  Defendant FMS Investment Corporation ("Defendant") did not respond to the Motion.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After reviewing the Motion and the relevant legal authority, the Court FINDS and RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Plaintiff $3,958.11 in attorney's fees, and $395.36 in costs, for a total

award of $4,353.47.

## BACKGROUND

The instant case arises from Defendant's attempts to collect an alleged debt from Plaintiff on behalf of a third party. On July 18, 2008, Plaintiff filed the instant action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* ("Count I"), and violations of Haw. Rev. Stat. § 480-2, and Haw. Rev. Stat. Chapter 443B ("Count II"). As to Count I, Plaintiff sought actual damages and statutory damages in the amount of $1,000.00. As to Count II, Plaintiff sought treble damages of not less than $5,000.00 and a declaratory judgment that the underlying obligations are void. As to all counts, Plaintiff sought reasonable attorney's fees and costs and other appropriate relief.

The parties reached a settlement, the terms of which were stated on the record before this Court on February 9, 2009. Pursuant to the terms of the parties' settlement, Plaintiff is the prevailing party. At the settlement on the record, this Court recommended that the district judge enter an order of dismissal thirty days after she rules upon Plaintiff's motion for attorney's fees and costs. The instant Motion followed.

## DISCUSSION

**I.   Entitlement to Attorney's Fees**

Plaintiff seeks an award of fees pursuant to 15 U.S.C.

§ 1692k(a), which provides in pertinent part:

> Amount of damages
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> . . . .
>> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. . . . .

The language of this section makes a fee award mandatory.  See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).  Pursuant to the terms of the parties' settlement, this Court FINDS that Plaintiff is entitled to reasonable attorney's fees as the prevailing party in this action.

## II. Calculation of Award

> In a recent FDCPA case, the Ninth Circuit stated that:
>
> District courts must calculate awards for attorneys' fees using the 'lodestar' method, and the amount of that fee must be determined on the facts of each case, Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.

Id. at 978 (some citations and quotation marks omitted).

The Ninth Circuit has articulated the following

relevant factors in the determination of a reasonable attorney's fee:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

A plaintiff in a successful FDCPA action can recover attorney's fees incurred in connection with the motion for attorney's fees. See Perez v. Perkiss, 742 F. Supp. 883, 891 (D. Del. 1990). The reviewing court, however, must consider those fees separately from the fees incurred litigating the merits of

the case.  Thus, the court must reduce the fee award if the plaintiff achieves only limited success on the motion for attorney's fees.  See id.

Plaintiff requests the following lodestar amount for work counsel performed on the merits of this case and on the instant Motion:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Van-Alan H. Shima | 24.2 | $175 | $4,235.00 |
| Van-Alan H. Shima | 2.5 | $175 | $ 437.50 |
| | | Subtotal | $4,672.50 |
| | State Excise Tax of 4.712% | | $ 220.17 |
| | TOTAL REQUESTED LODESTAR | | $4,892.67 |

[Motion at 1, Exh. 1 to Decl. of Van-Alan H. Shima ("Shima Decl.").]  According to the Hawaii State Bar Association website, Mr. Shima was admitted to the Hawaii bar in 2004.

### A.   Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in

the forum district").

In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable. See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).  Although Plaintiff's counsel did not do this, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill, and reputation.  Mr. Shima was admitted to the bar in 2004 and he requests an hourly rate of $175 per hour.  An award of this rate would be inconsistent with this Court's findings in other motions for attorney's fees.  In an order determining the amount of attorney's fees awarded after the denial of a motion brought pursuant to Federal Rule of Civil Procedure 11, this Court found that the requested hourly rate of $155 was unreasonable and reduced the hourly rate to $140.  The attorney in that case had graduated from law school in 2004, was admitted to the Hawaii bar in 2005, and was also licensed in California.  See Amended Order Awarding Attorney's Fees and Costs, Williamson v. Basco, CV 06-00012 JMS-LEK, filed 4/3/08 (dkt. no. 147), at 4-5.  In Horizon Lines, LLC v. Kamuela Dairy, Inc., et al., CV 08-00039 JMS-LEK, a case involving an award of attorney's fees pursuant to contract after an entry of default judgment, this Court found that the requested hourly rate of $160 for an attorney who had been admitted to the Hawaii bar in 2006,

6

was unreasonable.  The Court reduced the hourly rate to $140. See Amendment to Findings and Recommendations for Entry of Default Judgment, Filed June 16, 2008, filed 9/3/08 (dkt. no. 21).[1]

The Court also considers the fact that the instant case did not involve unusually complex legal or factual issues, nor was it particularly demanding.  Mr. Shima expended less than thirty hours from the first client contact in this case to the filing of the instant Motion.  In light of this Court's prior decisions and the circumstances of this case, the Court finds that Mr. Shima's requested hourly rate of $175 is excessive.  The Court finds that an hourly rate of $150 is reasonable.

B.   **Hours Reasonably Expended**

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815

---

[1] The district judge in Horizon Lines adopted the amended findings and recommendations on September 29, 2008.

F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

  Mr. Shima states that he spent 1.0 hour at the October 20, 2008 Rule 16 scheduling conference in this case.  The Court's minutes, however, indicate that the conference, which was scheduled for 9:00 a.m., began at 9:20 a.m. and ended at 9:24 a.m.  The Court therefore finds that 0.4 hours is reasonable and will reduce Mr. Shima's time by 0.6 hours.

  Mr. Shima also states that he spent 1.0 hour at the January 23, 2009 settlement conference, which Court records indicate lasted thirty minutes.  Finally, he states that he spent 0.5 hours at the February 9, 2009 settlement on the record, which Court records indicate lasted three minutes.  The Court will allow 0.5 hours for the settlement conference and 0.1 hours for the settlement on the record.  The Court will therefore deduct 0.9 hours for those events.

  The Court notes that it would still make these deductions if Mr. Shima intended to include his travel to and from the courthouse in those hours.  This Court does not award

8

travel time from an attorney's office to the courthouse, unless the attorney performed legal services while in transit.  See, e.g., Kajitani v. Downey Savings & Loan Ass'n, CV 07-00398 SOM-LEK, Order Awarding Attorney's Fees and Costs at 6-7 (April 1, 2008).  Such time should be subsumed within the attorney's fee charged for the appearance.  There is no indication that Mr. Shima performed legal services while in transit to and from the courthouse at those times.

The Court finds that the remainder of Mr. Shima's time, for both the merits of the case and the preparation of the instant Motion, was manifestly reasonable.  The Court declines to impose a reduction in Mr. Shima's time for the preparation of the instant Motion.  Even though the Court recommends denying the Motion in part, the recommended reduction of the total award is not significant enough to warrant a reduction in the fees awarded for the preparation of the instant Motion.

### C.   Total Lodestar Award

Based on the foregoing, this Court finds that Plaintiff has established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Van-Alan H. Shima | 22.7 | $150 | $3,405.00 |
| Van-Alan H. Shima | 2.5 | $150 | $  375.00 |
|  |  | Subtotal | $3,780.00 |

```
              State Excise Tax of 4.712%    $  178.11
                           TOTAL            $3,958.11
```
The Court declines to adjust the award based on the remaining Kerr factors.

**III. Costs**

As the prevailing party, Plaintiff is entitled to reasonable costs. See 15 U.S.C. § 1692k(a)(3). Plaintiff seeks the following costs:

```
    Court Filing Fee         $368.00
    Service Fee              $ 26.18
    Postage                  $  1.18
    TOTAL COSTS:             $395.36
```

[Exh. 2 to Shima Decl. at 1.] The Court finds that these costs were reasonably and necessarily incurred in this case and are the type of expenses that are typically charged to a fee paying client.[2] The Court therefore RECOMMENDS that the district judge GRANT Plaintiff's request for costs in full.

**CONCLUSION**

In accordance with the foregoing, this Court, acting as Special Master, HEREBY FINDS and RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Costs, filed March 11, 2009, be

---

[2] The Court notes that Plaintiff included supporting documentation for the filing fee and the service fee, [Exh. 2 to Shima Decl. at 2-3,] but did not state what the postage expense was for. Postage expenses, particularly of such a small amount, are manifestly reasonable in this type of case. The Court however, notes that the better practice is to provide supporting documentation and a written explanation of the expense, including what was mailed to whom on what date.

GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge award Plaintiff $3,958.11 in attorney's fees, and $395.36 in costs, for a total award of $4,353.47.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAII, May 12, 2009.



                      /S/ Leslie E. Kobayashi
                      Leslie E. Kobayashi
                      United States Magistrate Judge

**UILA SAKARIA V. FMS INVESTMENT CORPORATION; CIVIL NO. 08-00330 SOM-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**